IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>AB ELECTROLUX,<br><br>ELECTROLUX NORTH AMERICA, INC.,<br><br>and<br><br>GENERAL ELECTRIC COMPANY,<br><br>            Defendants. | Case No. 1:15-cv-01039-EGS |

**MEMORANDUM OPINION**

Non-party Intervenors ("Intervenors") object to the four in-house counsel designated by Defendant General Electric ("GE") to access Confidential Information pursuant to the Protective Order. Intervenors argue the in-house counsels' declarations do not sufficiently demonstrate their lack of involvement with GE's "competitive decision making." GE now moves the Court to overrule the Intervenors' objections. Docket No. 142. Upon consideration of the motion, the response and reply thereto, GE's motion is **GRANTED**.

**I.   BACKGROUND**

In July 2015, GE identified Sharis A. Pozen, Aimee Imundo, Bradford A. Berenson and Ronald G. Schroeder as the in-house

1

counsel designated to review Intervenors' Confidential Information pursuant to the terms set forth in the Protective Order. Between July and the present date, Intervenors sought varied modifications to the Protective Order. *See e.g.* Docket Nos. 57 and 80. The Court directed GE to file amended declarations in support of Mses. Pozen and Imundo and issued two Amended Protective Orders. *See* Minute Order, September 7, 2015; Docket Nos. 110 and 140. The modifications made to the Protective Order were designed to ensure that sufficient safeguards were in place to deter the misuse of Intervenors' Confidential Information. Still, Intervenors object to the in-house counsel designated by GE.

## II.  ANALYSIS

In merger cases, Courts may prohibit access to confidential information from those who can be described as "competitive decision makers." *Intervet, Inc. v. Merial Ltd.*, 241 F.R.D. 55, 57 (D.D.C. 2007). Competitive decision making includes counsel's "activities, associations, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984). The primary concern underlying the "competitive decision making test" is that confidential

information will be used or disclosed inadvertently because of the lawyer's role in the client's business decisions. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

Intervenors' objections to each of the four counsel identified by GE will be discussed in turn.

**A. Sharis A. Pozen and Aimee Imundo**

Ms. Pozen serves as Vice President of Global Competition and Antitrust at GE. Pozen Decl., Docket No. 108, Ex. A. Ms. Imundo serves as Executive Counsel, Competition Law and Compliance at GE. Imundo Decl., Docket No. 108, Ex. C. Mses. Pozen and Imundo explain that they are part of GE's legal team that "functions independently" from GE's appliance team, which has its own legal counsel. Mses. Pozen and Imundo affirmatively declare that, in their current roles, they are "not involved in any competitive decision making that relates to the GE Appliance division or its business." Each further declares:

> I do not participate in any decisions or advise the GE Appliance division regarding formulating or implementing strategies to compete with GE Appliances' competitors or any decision about formulating or implementing pricing strategies, much less "day-to-day pricing." I am not involved in any competitive decisions regarding pricing, marketing, distribution, product design, or other competitively sensitive issues concerning the GE Appliance business that are the subjects of Confidential Information in this case.

3

Nevertheless, Intervenors argue that "because antitrust is, by its nature about competition, there is a particularly high *risk* that antitrust counsel will be involved in competitive decision-making." Inter. Response, Docket No. 144 at 4. Intervenors further argue that because Mses. Pozen and Imundo are high ranking, they should be forced to "make a real showing that, contrary to reasonable expectations, they were not in fact involved in [competitive decision-making] discussions." *Id.* Finally, Intervenors argue that because Defendants are reportedly considering divestitures in order to save the proposed merger, access to competitor information by Mses. Pozen and Imundo will "give GE an advantage over all other companies." *Id.* at 5.

Intervenors' arguments fail. First, Intervenors seek more detailed declarations from Mses. Pozen and Imundo to ensure they are not involved in competitive decision making. This is unnecessary. Ms. Pozen and Ms. Imundo have made their declarations under oath. Each have explicitly declared that they are not, and will not for the next two years, be involved in the type of competitive decision making prohibited by case law and the Second Amended Protective Order. Pozen Decl.; Imundo Decl. Absent evidence contradicting the sworn declarations made by Mses. Pozen and Imundo, there is no basis to conclude that they are involved in competitive decision making. *F.T.C. v. Whole Foods Market, Inc., et al.*, Case No. 07-1021, 2009 WL 2059741,

4

*3 (D.D.C. July 6, 2007) (holding that based on the in-house counsel's declaration, the Court was unable to conclude that the counsel was involved in competitive decision making, despite intervenors' arguments to the contrary); *compare with F.T.C. v. Sysco Corporation*, Case No. 15-256, 2015 WL 1120013, *2 (D.D.C. March 12, 2015) (holding that in-house counsel was "too close" to Defendant's competitive decision making where the in-house counsel "candidly acknowledged that issues such as pricing, purchasing, and marketing may be discussed at the Executive Team's weekly meetings.").

Moreover, the First Amended Protective Order sought to further protect the Intervenors' Confidential Information by including the following penalty provision:

> Any violation of this order may be deemed contempt and punished by a fine of up to $250,000. Any imposed fine will be paid individually by the person who violates this Order. A violator may not seek to be reimbursed or indemnified for the payment the violator has made. If the violator is an attorney, the court may recommend to the appropriate professional disciplinary authority that the attorney be sanctioned, suspended or disbarred.

Docket No. 110 ¶ 18. Similarly, the Second Amended Protective Order addressed the Intervenors' concern about potential misuse of information by in-house counsel as it pertains to Defendants' divestiture negotiations by explicitly stating "[i]n-house counsel shall have access to

5

such Confidential Information for the purpose of defending this litigation only." Docket No. 140 at ¶ 10(g).

In light of Mses. Pozen and Imundo's affirmative declarations, the lack of contradictory evidence presented by Intervenors, and additional protections built into the Second Amended Protective Order, Intervenors' objections to Mses. Pozen and Imundo are overruled.

**B. Bradford A. Berenson and Ronald G. Schroeder**

Mr. Berenson serves as Vice President and Senior Counsel, Litigation and Legal Policy at GE. Berenson Decl., Docket No. 108, Ex. B. Mr. Schroeder serves as Global Executive Litigation Counsel-Corporate at GE. Schroeder Decl., Docket No. 108, Ex. D. Both declare that they are responsible for management and oversight of this litigation and that they are granted access to confidential information in "virtually all litigation and investigation matters" they handle for GE. Berenson Decl. at ¶¶ 7-8; Schroeder Decl. at ¶¶ 6-7.

Intervenors argue that Mr. Berenson should explain in more detail what his responsibilities are pertaining to "compliance" and "legal policy for GE worldwide." Inter. Response at 9. Similarly, Intervenors argue Mr. Schroeder should explain the meaning of "management of compliance risk" and "implementation of company-wide legal policy." The concerns raised by Intervenors about Messrs. Berenson and Schroeder deserve even

6

less discussion than those raised about Mses. Pozen and Imundo. When considered in their entirety, Messrs. Berenson and Schroeder's declarations leave no doubt that their duties are far from the competitive decision making prohibited by the Second Amended Protective Order and controlling case law. Mr. Berenson is responsible for litigation, government and internal investigations, compliance and legal policy for GE Worldwide. Berenson Decl. ¶ 5. Mr. Schroeder manages U.S. and international litigation, internal investigations and compliance risk. Schroeder Decl. ¶ 4. Nothing in Messrs. Berenson and Schroeder's declarations indicates they are involved with GE's competitive decision making and Intervenors have offered no evidence to the contrary.

## III. CONCLUSION

For the reasons discussed above, GE's motion is **GRANTED**. An appropriate order accompanies this Memorandum Opinion.

**SO ORDERED.**

Signed:    Emmet G. Sullivan
           United State District Judge
           October 9, 2015