IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>AB ELECTROLUX,<br><br>ELECTROLUX NORTH AMERICA, INC.,<br><br>and<br><br>GENERAL ELECTRIC COMPANY,<br><br>    Defendants. | Case No. 1:15-cv-01039-EGS |

**FINAL PRE-TRIAL ORDER**

  To ensure the non-jury trial in this case proceeds in an orderly manner that is fair and just to the parties and consistent with the goal of concluding the trial in an expeditious manner, it is hereby ORDERED that:

 **I. Trial Schedule, Hours and Seating of Parties**

  1. Trial will begin promptly at 9:30 a.m. – 5:00 p.m., Monday through Friday. Lunch will generally be from 12:30 p.m. – 1:30 p.m., and short breaks before and after lunch will be allotted as appropriate. All participants must be at counsel's table when the proceedings are scheduled to commence. The doors to the courtroom will open at 8:30 a.m.

  2. All defense counsel shall sit at the defense table on the left side of the courtroom facing the bench. Any defense counsel not able to sit at the defense table shall sit in the row directly behind the defense table, inside the well of the courtroom. If necessary, defense counsel may sit in the public gallery on a first come, first serve basis.

1

3. All government counsel shall sit at the plaintiff's table on the right side of the courtroom facing the bench. Any government counsel not able to sit at the plaintiff's table shall sit in the row directly behind the plaintiff's table, inside the well of the courtroom. If necessary, government counsel may sit in the public gallery on a first come, first serve basis.

4. Trial dates shall include: November 9-10, 12-13, 16-20, 23-24. If necessary, the trial will continue November 30-December 4.

5. Each side will be permitted one hour for opening statements. On the last day of trial, each side will be permitted one hour for preliminary closing arguments.

6. The parties' findings of fact and conclusions of law briefs, not to exceed 100 pages, shall be filed no later than 10 days after the last day of trial. The briefs shall be double spaced and shall use 12-point Times New Roman font. No later than 11 days after the final day of trial, both parties' shall deliver two thumb drives with hyperlinked versions of their briefs to chambers.

7. Final closing arguments, no longer than 2 hours for each party, shall be held on a date to be determined.

II. **Notice of Witnesses**

1. The parties shall give notice to the Court and opposing counsel of witnesses scheduled to appear during the first week of trial no later than 3:00 p.m. Wednesday, November 4, 2015. The parties' notice shall indicate the order in which the witnesses will be called. Thereafter, on each successive Friday by no later than 12:00 p.m., the parties shall give notice of the witnesses scheduled to be called during the next week of trial, including the order in which the witnesses will be called.

2. The parties shall provide the Court with two binders for each day of trial, which shall include all exhibits pertaining to each witness that the parties intend to use on direct examination. The binders for November 9, 2015 shall be delivered to chambers no later than 4:00 p.m. Friday, November 6, 2015. Daily binders thereafter shall be delivered to chambers no later than 8:45 a.m. each morning of trial. The binder should include an index

2

which indicates for each document whether it should be treated as public, Partial Non-Disclosure, or Complete Non-Disclosure. For witnesses on both parties' lists, Defendants will provide binders based on the notice provided by Plaintiff in Paragraph II.1. To the extent Defendants plan to use exhibits already noticed by Plaintiff, Defendants shall adopt Plaintiff's exhibit number.

### III. Exhibits and Testimony

Given the nature of this case, some exhibits and testimony will necessarily include sensitive business information of Defendants and third-parties ("Confidential Information"). The following procedures are designed to protect Confidential Information while, to the greatest extent possible, ensuring the public is able to meaningfully observe and understand the proceedings. The Court has previously granted motions by Defendants and non-parties to have certain exhibits and testimony related to those exhibits treated as "Complete Non-Disclosure" and "Partial Non-Disclosure," as those terms are defined in the Order Governing Procedures for Use of Confidential Information at Trial. *See* Docket No. 157, Trial Confidentiality Order.

#### A. Offering Exhibits Generally

1. In offering exhibits, Counsel shall employ the technology in the Courtroom. Exhibits shall be shown to the Court, the witness, and opposing counsel via the electronic screens. If for any reason an exhibit not already noticed must be used at trial, two hard copies shall be produced for the Court. Counsel may also provide witnesses with a binder of exhibits; if a "witness binder" is utilized, two copies must be provided to each of the other parties.

2. At the close of each witness' testimony, the party calling that witness shall move their requested exhibits into evidence. At the conclusion of each day of trial, each party shall docket all admitted exhibits on ECF. For any documents containing Confidential Information as defined in the Amended Protective Order, or for which the Court has ordered either Partial Non-Disclosure or Complete Non-Disclosure, the documents must be filed under seal and the Notice of Filing must indicate that the documents should be maintained under seal. At the close of trial, the parties shall also provide chambers

with two thumb drives containing all of the exhibits that have been admitted in evidence.

**B. Procedures for Evidence and Testimony Including Confidential Information**

1. Pursuant to the Court's October 30, 2015 Minute Order, evidentiary objections and disputes about confidential treatment of exhibits the parties intend to use in their direct examinations will be ripe by Wednesday, November 4, 2015. The Court will rule on as many evidentiary disputes prior to the start of trial as possible. To facilitate the Court's review of all evidentiary disputes, the parties shall deliver to chambers, no later than 1:00 p.m. Thursday, November 5, 2015, two binders with all exhibits in dispute and the related briefing. All binders shall be clearly labeled and material related to each dispute shall be clearly tabbed.

2. The procedures outlined in the Trial Confidentiality Order shall be followed for documents that contain Confidential Information for which the Court has ordered either Partial Non-Disclosure or Complete Non-Disclosure. The party offering the Confidential Information will inform the Court of a document's designation as either Partial Non-Disclosure or Full Non-Disclosure prior to introducing it so that proper procedures can be followed.

3. When necessary, Courtroom proceedings shall be sealed at the end of each day to facilitate discussion of matters pertaining to Confidential Information.

4. If a witness's testimony includes information that must be treated as Complete Non-Disclosure, the party on direct shall cover all matters that are public or Partial Non-Disclosure first, followed by all matters discussing the documents or information that are Complete Non-Disclosure. On cross examination, opposing counsel shall begin with documents or information that are Complete Non-Disclosure and proceed to public and Partial Non—Disclosure information once the Courtroom is reopened.

5. Nothing in this order prevents the Court from provisionally admitting exhibits where necessary. Nothing in this order prohibits the Government from moving to unseal exhibits that are provisionally admitted after the trial has concluded.

   6. The Court's opinion will be filed under seal. The parties
      will have one week to inform the court of redactions that
      should be made before the opinion is published to the
      public. Further, for testimony, exhibits and deposition
      designations entered into evidence, within seven days of
      the filing under seal of the Court's opinion, the parties
      must: (a) designate the testimony, exhibits, and
      deposition testimony that should be available to the
      public and that should be maintained under seal; (b)
      identify exhibits obtained from third parties which
      contain Confidential Information that should remain under
      seal; and (c) submit proposed redactions for any exhibits
      cited in the Opinion that can be made public with
      appropriate redactions.

**IV.   Objections at Trial**

1. Counsel who make objections during trial must state the
   legal basis for their objections without elaboration or
   argument (unless invited) -- e.g., "objection, hearsay,"
   "objection, lack of foundation." The Court generally will
   rule on the objection without additional discussion except
   in the most critical areas. For purposes of "protecting the
   record" and assisting appellate review, counsel may explain
   or amplify their objections on the record, if necessary,
   between 9:15 a.m. and 9:30 a.m. or after 5:00 p.m. each
   day.

**V.   Rule on Witnesses**

   1. Except for the attorneys and any authorized corporate
      representatives permitted by the Court to sit at counsel
      table under Rule 615 of the Federal Rules of Evidence,
      all witnesses shall remain outside the courtroom except
      while actually testifying. Unless permission for a
      witness to remain in the courtroom is expressly sought
      and granted, this rule on witnesses is always in effect,
      even during opening statements and closing arguments.
      However, expert witnesses are exempted from this rule.
      Counsel shall instruct witnesses not to discuss their
      testimony with any other witness or potential witness
      before, during or after they testify, until the close of
      evidence.

   2. Until the close of evidence, fact witnesses are
      prohibited from reviewing the trial transcripts of their

testimony or the testimony of other fact witnesses before, during and after their testimony. Fact witnesses who have completed their testimony are prohibited from discussing that testimony with any other fact witness until the close of evidence. Once called to the witness stand, fact witnesses are prohibited from discussing their testimony with any lawyer representing or advising a party (whether that lawyer is in the courtroom or outside the courtroom and whether that lawyer has entered a formal appearance in this case or not) until such testimony is concluded and the witness has been finally excused.

3. Once a fact witness is called to the stand, no lawyer affiliated with either party may have any discussions with that witness during breaks in the trial, including lunch and overnight recesses, concerning any aspect of the testimony already given or anticipated until such time as the witness has completed his or her testimony. At all other times, within the bounds of governing ethics and the law, counsel may pursue their discussions with witnesses during the trial. It is the responsibility of counsel to convey these instructions to every witness. Failure of a witness to be fully advised or to fully comply may be subject to sanctions.

4. Once the trial begins, witnesses shall be put on call at the peril of the calling party. The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances. The Court will endeavor to accommodate out-of-town and expert witnesses on the condition that counsel promptly alerts the Court and opposing counsel. The party calling a witness shall arrange for that witness' presence until re-direct examination is completed, including the following trial day if need be. The failure to have a witness present for cross examination following direct examination is grounds to strike the witness' testimony.

5. One counsel per side shall be designated for direct, cross and redirect examination of each witness.

6. For a witness that is on the witness lists of both parties and is called during the government's case in chief, the government will be permitted a direct examination, the Defendants will be permitted a direct/cross examination; the government will be

6

    permitted a redirect/cross examination; and the Defendants will be permitted a redirect.

7. On direct or cross-examination of a party's witness, counsel shall not:

   a. Testify by improperly incorporating facts into their questions so as to put information before the Court that has not been received in evidence;

   b. Use an objection as an opportunity to argue or make a speech;

   c. Except in extraordinary circumstances, be permitted to recross-examine any witness.

**VI. General Courtroom Rules.**

1. The Court expects counsel to exercise civility at all times towards each other and towards everyone involved in the case or working with the Court.

2. Counsel may use the lectern or lavalier microphones during witness examination, opening and closing statements.

3. It is not necessary for counsel to obtain permission from the Court before approaching a witness or court personnel.

4. Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the Court.

5. When addressing the Court, counsel shall stand and turn on the table mic. All objections or other statements by counsel, no matter how brief, shall be made while standing.

6. All statements by counsel should be directed to the Court and not to opposing counsel.

7. Unless otherwise permitted by the Court, counsel shall refer to all witnesses over the age of 18, including their clients, as "Mr." or "Ms." or by their official title (e.g., "Captain" or "Dr."). The use of first names or nicknames is prohibited. All witnesses are to be addressed in a respectful and polite manner.

7

8. When sidebar discussions are necessary, only one attorney per side shall be present at the bench. Headsets will be provided for attorneys who remain at the counsel tables.

9. The parties shall ensure that only one attorney speaks at any given time. All attorneys must speak slowly and shall not talk over witnesses or the Court. This is critical to ensure the Court reporter is able to provide an accurate real-time transcription and a verbatim transcript.

**VII. Courtroom Seating and Overflow Rooms**

1. Attorneys for any witnesses and third parties may sit in the first row of seats on either side of the courtroom.

2. Members of the press may sit on in the second row of seats on either side of the courtroom. Members of the press must display credentials if requested by court staff or the United States Marshal's Service.

3. Credentialed members of the media may also remotely listen to the proceedings from the First Floor Media Center, located in room 1206. Use of the Media Center requires compliance with its rules, found at on the District Court's homepage under the Media tab.

4. Members of the general public may occupy the remaining rows of seats. Public seating is on a first come, first serve basis. An overflow room in the Courthouse will provide additional seating where a live audio feed will be provided. Signs identifying the designated overflow room will be posted daily. The same restrictions that apply in the Courtroom apply in the overflow room.

5. Other than items authorized by this Court for counsel to possess, no other individuals are permitted to use in the Courtroom cameras, cell phones, tape recording devices, laptops or other electronic devices. All cell phones in the courtroom must be turned off or on silent.

6. Photographic, video and audio recording or transmission of court proceedings is strictly prohibited. Any violation of this prohibition may result in the imposition of contempt sanctions against the violator individually and, if attending in the capacity of an employee or agent, against the employer or principal.

7. Any member of the general public or press who desires to view the proceedings from Courtroom 24A must be seated before the proceedings are scheduled to commence and, except in case of emergencies, may not exit the courtroom until there is a recess. Any credentialed members of the press not seated fifteen minutes prior to the commencement of the proceedings will forfeit their seats.

8. Any member of the public or press who desires to view the proceedings from Courtroom 24A, the overflow courtroom, or the First Floor Media Center must comply with any requests made by any Court Security Officer or Court Staff.

9. The parties are responsible for providing water for themselves and their witnesses. The parties may recycle plastic bottles as designated areas on the first floor of the Courthouse.

**SO ORDERED.**

Signed: Emmet G. Sullivan
       United States District Judge
       November 3, 2015